# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**DEBORAH L. BOARDMAN**
UNITED STATES MAGISTRATE JUDGE

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**Fax: (410) 962-2577**
**MDD_DLBChambers@mdd.uscourts.gov**

June 4, 2020

LETTER TO COUNSEL

RE:     *Taishika C. v. Saul*
        Civil No. DLB-19-1994

Dear Counsel:

On July 8, 2019, Plaintiff Taishika C. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's response. ECF No. 13 ("Pl.'s Mot."), ECF No. 14 ("Def.'s Mot."), ECF No. 15 ("Pl.'s Resp."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claim for benefits on June 14, 2016, alleging a disability onset date of April 15, 2016. Administrative Transcript ("Tr.") 187. Her claim was denied initially. Tr. 59-63. A hearing was held on August 29, 2018, before an Administrative Law Judge ("ALJ"). Tr. 26-46. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-21. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "major depressive disorder and post-traumatic stress disorder (PTSD)." Tr. 14. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform simple, unskilled tasks with no fast pace or strict production requirements and occasional changes in the work setting. She can have occasional interaction with coworkers with no teamwork or tandem tasks and can have occasional interaction with the public.

*Taishika C. v. Saul*
Civil No. 19-1994-DLB
June 4, 2020
Page 2

Tr. 16.  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work as a medical receptionist or clerk-typist, but that she could perform other jobs existing in significant numbers in the national economy.  Tr. 19-20. Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 20.

Plaintiff raises two arguments on appeal: (1) that the ALJ's decision ran afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), by not adequately accounting for Plaintiff's moderate limitations in concentration, persistence, and pace; and (2) that the ALJ's RFC assessment and hypothetical to the VE were inadequate under *Thomas v. Berryhill*, 916 F.3d (4th Cir. 2019).  I agree that the ALJ's RFC and hypothetical were inadequate under Fourth Circuit precedent.  In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

<u>The ALJ's RFC assessment did not run afoul of *Mascio v. Colvin*.</u>

In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace.  *Id.* at 638.  That functional area "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate."  20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(E)(3) (2018).  The Social Security regulations define a "moderate limitation" as the "fair" ability to function "independently, appropriately, effectively, and on a sustained basis."  *Id.* § 12.00(F)(2).  In comparison, a "mild limitation" reflects a slightly limited functional ability, and a "marked limitation" reflects a seriously limited functional ability.  *Id.*

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE— and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace.  780 F.3d at 637-38.  The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work."  *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted).  In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace."  *Id.*  Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary.  *Id.*  The Court recently reiterated that *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC."  *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) (finding that the ALJ adequately explained the RFC's mental limitations where the RFC did not include a specific limitation addressing the plaintiff's moderate limitation in concentration, persistence, or pace).

*Taishika C. v. Saul*
Civil No. 19-1994-DLB
June 4, 2020
Page 3

Here, the ALJ's analysis of Plaintiff's ability to maintain concentration, persistence, or pace stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. Counsel contends the claimant has marked limitation in this area of functioning citing the findings of poor concentration, judgment, and insight. I have considered these records when finding no greater than moderate limitation in this area of functioning. However, I note that the claimant's concentration has been recorded as intact or good in other treatment records. In August 2016, she was able to count, calculate, and complete serial threes without error. She enjoys reading and prepares complete meals with several courses, which demonstrates some concentration, persistence, and ability to maintain pace. She was observed during a field office interview to have no difficulty with concentrating.

Tr. 15 (internal citations removed). The ALJ then explained that Plaintiff could "perform simple, unskilled tasks with no fast pace or strict production requirements and occasional changes in the work setting to accommodate decreases in concentration, persisting, maintaining pace, and adapting as a result of mental symptomatology." Tr. 17-18. In the RFC assessment, the ALJ gave great weight to the opinions of consultative examiner, Charles Kennedy, Ph.D. and State agency consultant, Dante Mancini, Ph.D. Tr. 18. Both of their opinions support the ALJ's determination that Plaintiff could perform simple, unskilled tasks. *See, e.g.*, Tr. 55 (Dr. Mancini's report, opining "claimant is able to carry out very short and simple instructions"); Tr. 336 (Dr. Kennedy noting a marked limitation in Plaintiff's ability to understand, remember, and carry out complex instructions, and a mild limitation in her ability to do with same with simple instructions). Regarding Plaintiff's ability to sustain an eight-hour workday, Dr. Mancini opined Plaintiff was moderately limited in her "ability to maintain attention and concentration for extended periods" but "would not require special supervision in order to sustain a work routine." Tr. 54-55. Dr. Kennedy's opinion did not address Plaintiff's ability to maintain pace throughout an eight-hour workday. *See* Tr. 331-38.

Plaintiff may be correct that the RFC limitations "addressed the complexity of work Plaintiff could perform, which is distinct from Plaintiff's ability to sustain work at a competitive pace over an eight-hour workday." Pl.'s Mot. 11. However, the ALJ supported his finding that Plaintiff's difficulties with concentrating, persisting, and maintaining pace would not preclude simple and routine work by citing to Dr. Mancini's opinion that Plaintiff could "sustain a work routine." Tr. 18. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). That exists here. Therefore, the ALJ did not run afoul of *Mascio*.

<u>The ALJ's RFC assessment and hypothetical were inadequate.</u>

Plaintiff also argues that the ALJ erred by including a limitation to "no fast pace or strict production requirements" in the RFC and hypothetical without further explanation. Pl.'s Mot. 14-20. In *Thomas*, the Fourth Circuit explained that the ALJ's failure to define "production rate or

demand pace" frustrated appellate review. 916 F.3d at 312; *see also Perry*, 765 F. App'x at 872 (remanding for ALJ's failure to define "non-production oriented work setting"). Here, the ALJ's hypothetical to the VE – and accompanying RFC – included a limitation to "no fast pace or strict production requirements," Tr. 15, 52, without further definition or explanation. These terms are similar to the terms "production rate" and "demand pace" that the Fourth Circuit found frustrated appellate review in *Thomas*. Therefore, remand is warranted to allow the ALJ to explain what "production pace work" means in the context of Plaintiff's claim. Without an explanation or definition of that term, I cannot conduct a substantial evidence review.

The Commissioner attempts to distinguish this case from *Thomas* by framing Plaintiff's argument as "whether the VE understood the restrictions as presented by the ALJ at the administrative hearing," and not "whether the inclusion of the restrictions in the RFC determinations was supported by substantial evidence." Def.'s Mot. 7-8. The Commissioner contends that the *Thomas* court was concerned with the latter. *Id.* Plaintiff framed her argument as a flaw in both the hypothetical presented to the VE and the RFC assessment. In any event, it is a distinction without a difference because the ALJ used the same term in the hypothetical and in the RFC discussion. *See Ursula G.*, Civil No. SAG-18-1841, 2019 WL 2233978, at *2 (May 23, 2019) ("Plaintiff presents the argument as a flaw in the hypothetical presented to the VE instead of a flaw in the RFC assessment, although the deficient RFC assessment would also infect the hypothetical based on that assessment."). Moreover, even if "the VE's testimony does not evince any confusion about the terms of the hypothetical, the Court has an independent duty to determine if the ALJ supported her findings with substantial evidence." *Geneva W. v. Comm'r, Soc. Sec. Admin*, Civil No. SAG-18-1812, WL 3254533, at *3 (D. Md. July 19, 2019) (citing 42 U.S.C. § 405(g)). In light of *Thomas*, this Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the term "no fast pace or strict production requirements." *See id.*

The Commissioner further argues that the ALJ's limitations were not ambiguous and the Fourth Circuit has affirmed cases with similar limitations. Def.'s Mot. 8-9 (citing *Sizemore v. Berryhill*, 878 F.3d 72, 79 (4th Cir. 2017); *Michaels v. Berryhill*, 697 F. App'x 223 (4th Cir. 2017) (unpublished); *Martinez v. Saul*, 2019 WL 4130955 (4th Cir. Aug. 30, 2019)). The three cases on which the Commissioner relies are distinguishable from this case.

In *Sizemore*, the Fourth Circuit affirmed an ALJ's denial of benefits in which the ALJ included an RFC limitation to "work only in [a] low stress [setting] defined as non-production jobs [without any] fast-paced work [and] with no public contact." 878 F.3d at 79 (alterations in original). The Fourth Circuit later explained that the additional "descriptors" in *Sizemore* "helped to explain the restriction intended by the ALJ, and allowed us to evaluate whether that restriction adequately accounted for the claimant's limitations." *Perry v. Berryhill*, 765 Fed. App'x 869, 872 n.1 (4th Cir. Mar. 8, 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). Here, the RFC did not contain the "descriptors" present in *Sizemore*. Rather, the RFC limitation to "simple, unskilled tasks with no fast pace or strict production requirements," Tr. 16, is directly analogous to the RFC limitation in *Thomas* where the claimant

*Taishika C. v. Saul*
Civil No. 19-1994-DLB
June 4, 2020
Page 5

was limited to the ability to "follow short, simple instructions and perform routine tasks, but no work requiring a production rate or demand pace," 916 F.3d at 310.

The unpublished opinion in *Michaels v. Berryhill*, 697 F. App'x 223 (4th Cir. 2017), also is distinguishable. *Michaels* was a one-paragraph decision affirming the district court's judgment and did not contain any discussion of the phrase "nonproduction pace rates." Lastly, the ALJ in *Martinez v. Saul*, 2019 WL 4130955 (4th Cir. Aug. 30, 2019) included a parenthetical explanation for the RFC limitation: "not at a production-rate pace (such as an assembly line)." No. 3:17-cv-1862018, WL 709971, at *2 (W.D.N.C. Feb. 5, 2018). The ALJ here did not provide such an explanation.

Finally, the Commissioner argues that if the ALJ committed error, the error was harmless and Plaintiff has not identified any resulting prejudice. Def.'s Mot. 9-10. I disagree. Pursuant to the Fourth Circuit's decision in *Thomas*, 916 F.3d at 312, this Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the terms "fast pace or strict production requirements." If the relevant RFC terms are "not common enough for [the court] to know what they mean without elaboration," *id.*, the Court is unable to decide whether the error in failing to explain the terms was harmless. The Court cannot decisively say that, had the ALJ defined or explained the terms "fast pace or strict production requirements," the VE would have identified the same, or any, positions that the hypothetical person could perform. *See Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error.") (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Therefore, remand is warranted to allow the ALJ to explain the RFC assessment and clarify the hypothetical to the VE. Without a clarification or explanation, the Court is unable to conduct a substantial evidence review.

For these reasons, Plaintiff's Motion for Summary Judgment, ECF No. 13 is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 14, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge